IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MARK AARON THOMAS, §
 §
 Petitioner, §
 §
v. § No. 4:17-CV-119-Y
 §
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
 §
 Respondent. §

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Mark Aaron Thomas, a state prisoner, against Lorie Davis, director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time barred.

**I. Factual and Procedural History**

The state-court records reflect that in August 2007 Petitioner was indicted in Tarrant County, Texas, Case No. 1076371D, for aggravated robbery with a deadly weapon. (WR-84,984-01 106, doc. 16-16.) The indictment also included a repeat-offender notice. (Id.) On September 24, 2009, a jury found Petitioner guilty of the charged offense and the repeat-offender notice true. It assessed his punishment at 37 years' confinement in TDCJ and a $10,000 fine.

(Clerk's R. 66, 71, doc. 16-9.) Petitioner appealed his conviction, but the Second District Court of Appeals of Texas affirmed the trial court's judgment and the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. (Docket Sheet 1, doc. 16-2.) Petitioner did not seek writ of certiorari in the United States Supreme Court. (Pet. 3, doc. 1.) On October 26, 2015,[1] Petitioner filed a postconviction state habeas-corpus application challenging his conviction, which was denied by the Texas Court of Criminal Appeals on June 29, 2016, without written order on the findings of the trial court. (WR-84,984-01 18, doc. 16-16; Action Taken, doc. 16-15.) On January 23, 2017,[2] Petitioner filed this federal habeas petition challenging his state-court conviction. (Pet. 10, doc. 1.)

## II. Issues

In two grounds for relief, Petitioner alleges ineffective assistance of trial counsel and prosecutorial misconduct. (Id. at 6.)

---

[1]Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The application does not provide the date Petitioner placed it in the prison mailing system. He signed the document, however, on October 26, 2015. (WR-84,984-01 18, doc. 16-16.) Thus, for purposes of this opinion the application is deemed filed on that date.

[2]Similarly, a federal habeas petition filed by a prisoner is deemed filed when the petition is placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

## III. Statute of Limitations

Respondent alleges that the petition is untimely under the federal statute of limitations. (Resp't's Answer 4-7, doc. 15.) Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

With limited exceptions not applicable here, under subsection

(A), the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, Petitioner's conviction became final upon expiration of the time that he had for filing a petition for writ of certiorari in the United States Supreme Court, which occurred on April 12, 2011. Therefore, the statute of limitations began to run the following day and closed one year later on April 12, 2012, absent any tolling. *Id.* § 2244(d)(1)(A); *Jimenez v. Quarterman,* 565 U.S. 134, 119-20 (2009); Sup. Ct. R. 13.

Petitioner's state habeas-corpus application, filed on October 26, 2015, after limitations had already expired, did not operate to toll the limitations period under the statutory provision in § 2244(d)(2). *See Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Nor has Petitioner's demonstrated that he is entitled to tolling as a matter of equity. For equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way'" and prevented him from filing a timely petition or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)). A petitioner attempting to make a showing of actual innocence is required to produce "new

reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin,* 133 S. Ct. at 1928 (quoting *Schup v. Delo,* 513 U.S. 298, 329 (1995). Petitioner makes no such showing.

Instead, Petitioner attributes his delay to his lack of "monetary funds" to obtain his trial transcripts and his reliance on "outside help" for legal assistance. (Pet'r's Rebuttal 2, doc. 20.) According to Petitioner, his trial and appellate attorneys and the state conspired "to deny him access to his legal materials to argue his appeals." (Id. at 3.) However, it is well settled that a petitioner's pro-se status, indigence, lack of knowledge of the law, and difficulty obtaining records, all common problems of inmates who are trying to pursue postconviction habeas relief, do not warrant equitable tolling of the limitations period. *Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson,* 177 F.3d 390, 391 (5th Cir. 1999). Petitioner's lengthy delay in seeking postconviction habeas relief further mitigates against equitable tolling. "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999).

Accordingly, Petitioner's federal petition was due on or before April 12, 2011. His petition filed on January 23, 2017, is

therefore untimely.[3]

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED as time barred.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack,* 529 U.S. at 484). This inquiry involves two components, but a court

---

[3]Because the petition is untimely, it is not necessary to address Respondent's exhaustion and procedural-default defense. (Resp't's Answer 7-11, doc. 15.)

6

may deny a certificate of appealability by resolving the procedural question only. Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling. Therefore, a certificate of appealability should not issue.

SIGNED March 13, 2018.

                                                      */s/ Terry R. Means*
                                                     TERRY R. MEANS
                                                     UNITED STATES DISTRICT JUDGE